# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Application Under the Equal Access<br>  to Justice Act of -- ) ) ) | |
| Optimum Services, Inc. ) | ASBCA Nos. 58755, 59952 |
| Under Contract No. W912EP-09-C-0033 ) ) | |

APPEARANCE FOR THE APPELLANT:     Joseph W. Lawrence, II, Esq.
         Vezina, Lawrence & Piscitelli, P.A.
         Fort Lauderdale, FL

APPEARANCES FOR THE GOVERNMENT:     Thomas H. Gourlay, Jr., Esq.
         Engineer Chief Trial Attorney
         Charles T. Pino, Esq.
         Joshua R. Holmes, Esq.
         Engineer Trial Attorneys
         U.S. Army Engineer District, Jacksonville

## OPINION BY ADMINISTRATIVE JUDGE DICKINSON
## ON APPELLANT'S APPLICATION UNDER THE
## EQUAL ACCESS TO JUSTICE ACT

Appellant, Optimum Services, Inc. (OSI), has applied pursuant to the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504, for fees and other expenses incurred in connection with the subject appeals. The appeals arose from a sponsored subcontractor claim for $1.87 million and a 93-day time extension for differing site conditions adversely impacting the dredging portion of a contract with the Jacksonville District Corps of Engineers (the government or the Corps) to restore the benthic substrate and hydrologic process of Rose Bay in Volusia County, Florida. *See Optimum Servs., Inc.*, ASBCA No. 58755, 15-1 BCA ¶ 35,939; *Optimum Servs., Inc.*, ASBCA No. 59952, 16-1 BCA ¶ 36,490. We assume familiarity with those decisions.

OSI filed its EAJA application on 28 November 2016. OSI initially sought recovery of fees and other expenses in the following categories and amounts:

| Category of Fees, Other Expenses | Amount<br>Requested |
|---|---|
| Attorneys' Fees | |
| Joseph W. Lawrence, II (14.2 hrs at $425/hr) | $ 6,035.00 |
| Joseph W. Lawrence, II (546.2 hrs at $475/hr) | $ 259,445.00 |
| Paul Washington (2 hrs at $190/hr) | $ 380.00 |
| Robert L. Frye (1.6 hrs at $330/hr) | $ 528.00 |

| | | |
|---|---|---|
| Robert L. Frye (2.6 hrs at $350/hr) | $ | 910.00 |
| Steven K. Johnson (16.5 hrs at $250/hr) | $ | 4,125.00 |
| Steven K. Johnson (646.4 hrs at $275/hr) | $ | 177,760.00 |
| Kristina Diaz (4.2 hrs at $210/hr) | $ | 882.00 |
| Subtotal (Attorneys' fees) | $ | 450,065.00 |

## Legal Assistant Fees

| | | |
|---|---|---|
| A.M. Lucas (0.8 hrs at $120/hr) | $ | 96.00 |
| Koly Cuebas (3.9 hrs at $85/hr) | $ | 331.50 |
| Jacklyn Frometa (60.6 hrs at $80/hr) | $ | 4,848.00 |
| Enidelz Alvarado (52.6 hrs at $65/hr) | $ | 3,419.00 |
| Subtotal (Legal Assistants) | $ | 8,694.50 |

## Miscellaneous Attorney Expenses

| | | |
|---|---|---|
| Copy Costs for copies of documents made in preparation for the entitlement, quantum hearings | $ | 14,172.71 |
| Attorney Travel Costs | $ | 4,793.64 |
| Costs/Charges for Hearing Transcripts | $ | 557.50 |
| Telephone Bills/Conference Calls | $ | 256.50 |
| Courier/Postage | $ | 1,018.65 |
| Trial Exhibit Preparation | $ | 328.50 |
| Subtotal (Miscellaneous Attorney Expenses) | $ | 21,127.50 |

## Expert Witness Fees

| | | |
|---|---|---|
| William Humphreys | $ | 135,468.50 |
| Luis A. Prieto-Portar | $ | 86,977.50 |
| Vincent Encomio | $ | 1,673.00 |
| Subtotal (Expert Witness Fees) | $ | 224,119.00 |

## Expert Witness Travel Expenses

| | | |
|---|---|---|
| William Humphreys | $ | 5,519.66 |
| Luis A. Prieto-Portar | $ | 1,737.11 |
| Vincent Encomio | $ | 641.22 |
| Subtotal (Expert Witness Travel Expenses) | $ | 7,897.99 |

## Mr. Humphreys' Mailing and Courier Expenses

| | | |
|---|---|---|
| William Humphreys | $ | 791.88 |
| Subtotal (Mailing and Courier Expenses) | $ | 791.88 |

<u>Fact Witness Expenses</u>

| | | |
|---|---|---:|
| William Ryan | $ | 1,652.50 |
| Juan Garland | $ | 2,232.70 |
| Matt Conneen | $ | 561.44 |
| Marc Barnell | $ | 421.84 |
| Donald (Sonny) Buchanan | $ | 22.00 |
| Subtotal (Fact Witness Expenses) | $ | 4,890.48 |
| **TOTAL** | **$** | **717,586.35** |

(*See, e.g.*, appellant's application and brief in support (app. br.); Bd. order dtd. 7 December 2016; Bd. corr. ltr. dtd. 10 February 2017)

By order dated 7 December 2016, the Board noted that the liquidation agreement between OSI and its subcontractor, Ryan Incorporated Southern (Ryan), provides that the parties "will bear attorneys' fees and costs of pursuing this recovery on a pro rata basis in proportion to each party's claim to the total of all claims made." The Board directed OSI to clarify whether Ryan independently would have met the eligibility requirements for fees and expenses under the EAJA and, if so, provide supporting evidence or declaration.

The government responded to OSI's EAJA application on 27 January 2017. In its response, the government conceded, or at least indicated that it does not dispute, that: OSI timely filed its application (gov't resp. at 3); OSI is a prevailing party in these appeals (*id.*); OSI is an eligible party under the EAJA (*id.*); and the government's position was not substantially justified (*id.* at 5). For the most part, the government does not contest the quantum of hours or the other expenses in OSI's application (*see id.* at 6-8, 12-16). The government contested 25.3 hours of attorney's fees and other expenses as having been incurred prior to claim submission (*id.* at 7, 12, 20-21); argued that the hourly rate for attorney's fees should be capped at the statutory rate of $125/hour, resulting in a total fee amount of $151,050 (*id.* at 8-12); asserted that travel expenses for attorneys and expert witnesses should be reimbursed at government rates (*id.* at 12-13, 16); and rejected entirely OSI's request for compensation for its fact witnesses (*id.* at 16-19).[1] As to its position regarding OSI's hourly rates for expert witness compensation, the government was vague, providing the rate for one of its own experts and asking the Board to "exercise its discretion in fashioning an adjustment addressing" expert witness fees (*id.* at 15-16). The government noted in its response that Ryan would have to demonstrate that it

---

[1] The government also objected to certain "copy costs" that it alleged to be duplicative (*see* gov't br. at 3, 12-13, 19-21). The Board understands that this "double counting" resulted from a mathematical error, in which OSI's copy costs were listed by the government on page 3 of its response under both the "Attorney Expenses" and "Copy Costs" categories (see gov't br. at 3; app. reply br. at 11-12, 19-20). Accordingly, we give no consideration to this erroneous amount.

independently satisfies the eligibility requirements of the EAJA (*id.* at 4-5). The government submitted that an EAJA award to OSI should be structured as follows:

| Category of Fees, Other Expenses | Amount Requested |
|---|---|
| Attorneys' fees | $ 151,050.00 |
| Attorney Expenses[2] | $ 12,271.15 |
| Legal Assistants | $ 8,694.50 |
| Expert Witness Expenses[3] | $ 791.88 |
| Fact Witnesses | $ 434.35 |
| Copy Costs | $ 7,877.97 |
| Costs/Charges for Hearing Transcripts | $ 557.50 |
| [Trial Exhibit Preparation] | [Silent] |
| Expert Fees to be determined at the Board's discretion[4] | [TBD5] |
| [Expert Witness Travel Expenses[6] | $ [4,756.69] |
| | **TOTAL [TBD]** |

(*See* gov't resp. at 13, 21) The government's proposed EAJA award structure amounts to $186,434.04 before adding in reasonable expert witness fees as determined by the Board (*id.*). Although not included in the proposed EAJA award structure, the government did not contest OSI's request of $328.50 for trial exhibit preparation costs.

On 10 February 2017, OSI responded to the Board's order and filed its reply to the government's response. Attached to OSI's 10 February 2017 reply was an affidavit by William Ryan to prove that Ryan independently meets the EAJA size and net worth standards (app. reply br., ex. A). In its reply, OSI conceded the issue of the inception date and reduced the number of hours claimed, where pertinent, by 25.3 hours (app. reply br. at 5). Likewise, OSI conceded $207 of copy costs and another

---

[2] OSI originally claimed $18,962.82 for Attorney Expenses which includes the following amounts which the government stipulates are appropriate: Attorney Travel ($3,748.19) (gov't resp. at 11-13); Courier/Postage ($1,698.71) (*id.* at 12); Telephone Bills/Conference Calls ($303.51) (*id.*); Copies ($6,691.67) (*id.* at 13); and "Westlaw Charges" ($6,373.74) (*id.*). However, because OSI noted in its reply that it did not claim "Westlaw Charges" (app. reply br. at 13 n.8), that amount is not included here.
[3] This consists entirely of Mr. Humphrey's expenses ($791.88) (gov't resp. at 16), and does not include expert witness travel expenses.
[4] The government noted here the "Office of Personnel Management GS-15 hourly locality rates: 2013-$62.06; 2014-$62.68; 2015-$63.31; 2016-$63.94" (gov't resp. at 21).
[5] "TBD" here means "to be determined."
[6] Although not included in its proposed EAJA award structure, the government stipulated that $4,756.69 would be an appropriate amount (gov't resp. at 16).

$94.04 of other miscellaneous attorney expenses that were incurred before the inception date (*id.* at 13-14, 19). Taking into account the parties' respective concessions, OSI revised its request as follows:

| Category of Fees, Other Expenses | Amount Requested |
|---|---|
| Attorneys' Fees | $ 439,312.00 |
| Legal Assistants | $ 8,694.50 |
| Copy Costs | $ 13,965.71 |
| Attorney Travel Costs | $ 4,793.64 |
| Costs/Charges for Hearing Transcripts | $ 557.50 |
| Telephone Bills/Conference Calls | $ 253.50 |
| Courier/Postage | $ 927.61 |
| Trial Exhibit Preparation | $ 328.50 |
| Expert Witness Fees | $ 224,119.00 |
| Expert Witness Travel Expenses | $ 7,897.99 |
| Mr. Humphreys' Mailing and Courier Expenses | $ 791.88 |
| Fact Witness Expenses | $ 4,890.48 |
| **TOTAL** | **$ 706,532.31** |

(*See* app. reply br. at 21; Bd. corr. ltr. dtd. 10 February 2017) In support of its revised request, OSI renewed its arguments for enhanced fees for its attorneys (app. reply br. at 5-11); expert witness fees (*id.* at 14-17); travel expenses at market rates, rather than government rates (*id.* at 13-14, 17); and expenses for its fact witnesses (*id.* at 18-19).

As a threshold matter, we conclude that OSI's EAJA application was timely, and the government does not dispute that OSI has adequately demonstrated that it is both eligible for and entitled to fees and other expenses. *See, e.g., J.F. Taylor, Inc.,* ASBCA Nos. 56105, 56322, 13 BCA ¶ 35,297 at 173,272; *Freedom NY, Inc.,* ASBCA No. 55466, 09-1 BCA ¶ 34,031 at 168,329. Furthermore, based on the parties' stipulations, we conclude that the following amounts are not in dispute:

5

| Category of Fees, Other Expenses | Amount Requested |
|---|---|
| Attorneys' fees | $ 151,050.00 |
| Legal Assistants | $ 8,694.50 |
| Copy Costs[7] | $ 13,965.71 |
| Attorney Travel Costs | $ 3,748.19 |
| Costs/Charges for Hearing Transcripts | $ 557.50 |
| Telephone Bills/Conference Calls | $ 253.50 |
| Courier/Postage | $ 927.61 |
| Trial Exhibit Preparation | $ 328.50 |
| Expert Witness Travel Expenses | $ 4,756.69 |
| Mr. Humphreys' Mailing and Courier Expenses | $ 791.88 |
| Fact Witness Expenses | $ 434.35 |
| **TOTAL (UNDISPUTED)** | **$ 185,508.43** |

Accordingly, OSI is entitled to, at the very least, the undisputed amount of $185,508.43. We turn now to the disputed portions of OSI's request, which we address *seriatim*: enhanced attorneys' fees; expert witness fees; travel expenses; and expenses for fact witnesses.

*Enhanced Attorneys' fees*

With respect to the question of fee enhancement, the EAJA provides that "attorney...fees shall not be awarded in excess of $125 per hour unless *the agency determines by regulation* that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys or agents for the proceedings involved, justifies a higher fee." 5 U.S.C. § 504(b)(1)(A) (emphasis added). Our Board jurisprudence has long held that the EAJA "does not confer on the ASBCA discretion to apply cost of living or special factor increases without an agency determination so prescribing by regulation." *Freedom, NY, Inc.*, ASBCA No. 43965, 09-1 BCA ¶ 34,097 at 168,595; *see also ABS Baumaschinenvertrieb, GmbH*, ASBCA No. 48207, 01-2 BCA ¶ 31,549 at 155,826-27 (declining to enhance fees where "the Department of Defense has not issued such a regulation authorizing enhancement of fees based on cost of living or any other special factor"); *Arapaho Commc'ns, Inc./Steele & Sons, Inc., Joint Venture*, ASBCA No. 48235, 98-1 BCA ¶ 29,563 at 146,544 ("No such regulation has been issued by the Department of Defense. We have no authority in this instance to award more than [the statutory rate.]").

---

[7] Undisputed copy costs ($13,965.71) are based on a comparison of OSI's revised requested amount ($13,965.71) (app. reply br. at 19-20, 21) and the government's stipulated amounts ($14,569.64 = $6,691.67 (under attorney expenses) + $7,877.97 (under copy costs)) (gov't resp. at 12-13, 19-21).

OSI asserts that there is an applicable Department of Defense (DoD) regulation that confers such authority upon the Board: the DoD Financial Management Regulation (FMR), DoD 7000.14-R, Volume 10, Chapter 12, which provides in relevant part:

> B. Attorney fees and other expenses awarded to claimants under EAJA are payable from funds available to the DoD activity at the time of the award. Attorney fees payable under EAJA are limited to $125 (5 U.S.C. § 504) per hour unless the adjudicating officer (deciding official)...determines that a higher rate *may be allowed under the law*.

DoD FMR, DoD 7000.14-R, vol. 10, ch. 12, ¶ 120203.B (emphasis added). We do not find this language from the FMR to be particularly helpful to OSI's cause. It does not confer upon an adjudicating officer any particular authority to enhance fees, nor does it determine the circumstances or factors that an adjudicating officer should take into account when considering whether to award enhanced fees. Indeed, according to the FMR, the adjudicating official may enhance fees only when it determines that such enhancement "may be allowed under the law." The law, however, prohibits such enhancement by an agency unless "the agency determines by regulation" that such an enhancement is warranted. 5 U.S.C. § 504(b)(1)(A).

The FMR describes, in broad terms, the policy relating to paying parties pursuant to EAJA; it does not authorize the Board to award attorneys' fees at more than the statutory rate of $125 per hour. OSI has not brought to our attention any other DoD regulation, nor are we aware of any, that would confer such authority upon us. We conclude that we lack the authority to award OSI enhanced attorneys' fees.

*Expert Witness Fees*

With regard to expert witness fees, the EAJA provides that "no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the agency involved." 5 U.S.C. § 504(b)(1)(A). In other words, OSI's experts should not be paid more than the government's experts.

The government urges us to apply the DFARS 237.104 "GS-15 limitation" on recovery (see note 4, above) and cites to our decisions in *Union Precision & Eng'g*, ASBCA No. 37549, 92-3 BCA ¶ 25,028, and *Walsky Constr. Co.*, ASBCA No. 36940, 92-1 BCA ¶ 24,694. These decisions rely upon DFARS 237.104(f)(i), which, in the version current at the time of contract award, stated in pertinent part:

> (f)(i) Payment to each expert or consultant for personal services under 5 U.S.C. 3109 shall not exceed the highest rate fixed by the Classification Act Schedules for grade GS-15 (see 5 CFR 304.105(a)).

7

(ii) The contract may provide for the same per diem and travel expenses authorized for a Government employee, including actual transportation and per diem in lieu of subsistence for travel between home or place of business and official duty station.

The DFARS cap on the highest rate to be paid to expert witnesses is a cap on what the government is permitted to pay its own expert witnesses. Where, as here, the government has admitted that it paid its own experts in excess of the DFARS cap, OSI is entitled to be compensated up to the same rate paid by the government. The government has furnished us with the rates of one of its experts, Mr. Hudyma, which range between $200-$300 per hour (gov't resp. at 15).

We conclude that the rates proposed by OSI for its experts are generally reasonable and, with one exception, fall below the maximum of $300 per hour that the government paid to its expert, Mr. Hudyma (app. br., ex. E). The only expert witness rate that exceeds the government's $300 maximum fee rate was the maximal hourly rate of OSI's expert Mr. Prieto-Portar, $365 per hour; he billed 56.75 hours at this maximal rate (*id.*). Although OSI urges us to consider Mr. Hudyma's maximal fee merely to be an indicator of the reasonableness of its own expert's maximal fee, we have been furnished with no evidence that the government paid any of its other expert witnesses at a higher rate than that of Mr. Hudyma. Accordingly, we cannot reimburse OSI for Mr. Prieto-Portar's fees at a rate exceeding that of Mr. Hudyma's highest rate. Adjusting Mr. Prieto-Portar's fees using the government's maximum $300 per hour rate results in a reduction of $3,688.75. Applying this reduction to the amount requested by OSI, we conclude that OSI is entitled to $220,430.25 in expert witness fees.

*Travel Expenses*

The EAJA, with respect to other fees and expenses, provides that the amount awarded "shall be based upon *prevailing market rates* for the kind and quality of the services furnished." 5 U.S.C. § 504(b)(1)(A). The government proposes that the amount requested by OSI for reimbursement of travel expenses – both for its attorneys and its expert witnesses – be reduced to reflect government travel and per diem rates. The government cites to no authority for its position. We have consistently awarded reasonable travel expenses when the incurred costs are itemized and documented, as here. *See, e.g., Arapaho*, 98-1 BCA ¶ 29,563; *Jay-Brant Gen. Contractors*, ASBCA No. 51891, 01-1 BCA ¶ 31,317. Accordingly, we conclude that OSI is entitled to $4,793.64 for its attorney travel expenses, and $7,897.99 for its expert witness travel expenses.

*Fact Witnesses*

The Board has long held that fees of lay witnesses are generally not reimbursable. *See Walsky Constr. Co.*, ASBCA No. 41541, 95-2 BCA ¶ 27,889. However, certain

8

payments to non-employees and consultants may be compensable under the EAJA. *See BH Servs., Inc.*, ASBCA No. 39460, 94-1 BCA ¶ 26,468. The evidence provided by OSI, which the government does not dispute, indicates that Mr. Garland was not an employee of either OSI or Ryan, but rather a paid consultant (app. br., ex. E). Mr. Garland's fees and expenses, amounting to $2,232.70, are reasonable, and therefore reimbursable. Together with conceded expenses of $434.35, we conclude that OSI is entitled to $2,667.05 for fact witness fees and other expenses.

## CONCLUSION

For the forgoing reasons, Optimum is awarded reasonable attorneys' fees and other expenses incurred in the course of these appeals, as follows:

| Category of Fees, Other Expenses | Amount Awarded |
|---|---|
| Attorneys' Fees | $ 151,050.00 |
| Legal Assistants | $ 8,694.50 |
| Copy Costs | $ 13,965.71 |
| Attorney Travel Costs | $ 4,793.64 |
| Costs/Charges for Hearing Transcripts | $ 557.50 |
| Telephone Bills/Conference Calls | $ 253.50 |
| Courier/Postage | $ 927.61 |
| Trial Exhibit Preparation | $ 328.50 |
| Expert Witness Fees | $ 220,430.25 |
| Expert Witness Travel Expenses | $ 7,897.99 |
| Mr. Humphreys' Mailing and Courier Expenses | $ 791.88 |
| Fact Witness Expenses | $ 2,667.05 |
| **TOTAL** | **$ 412,358.13** |

Dated: 20 July 2017

DIANA S. DICKINSON
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

9

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA Nos. 58755, 59952, Appeals of Optimum Services, Inc., rendered in accordance with 5 U.S.C. § 504.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

10